IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED

2010 OCT -8  P 1: 12

| | |
|---|---|
| BANK OF AMERICA, N.A. as successor by merger to LaSalle Bank National Association as Trustee for the registered holders of Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates, Series 1998-D6 c/o CWCapital Asset Management LLC, 701 13th Street, NW, Suite 1000 Washington, D.C. 20005,  *<br><br>Plaintiff,  *<br><br>v.  *<br><br>MESHULAM RIKLIS,  *<br>9560 Wilshire Boulevard<br>Beverly Hills, California 90212,  *<br><br>Defendant.  * | Civil Action No. 1:10CV1132 (AJT/TCB) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR MONEY JUDGMENT

Plaintiff Bank of America, N.A., successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates, Series 1998-D6 ("Plaintiff") for itself and for Bank of America, N.A., as successor by merger to LaSalle Bank National Association as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-C1, hereby sues Meshulam Riklis and, in support of this Complaint, states as follows:

## Parties

1. The Plaintiff is a national banking association with its principal place of business in the State of North Carolina.

2. Meshulam Riklis ("Defendant" or "Guarantor") is an individual who resides at 9560 Wilshire Boulevard, Beverly Hills, California 90212.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action based on the diversity of the parties pursuant to 28 U.S.C. § 1332 and because the amount in controversy exceeds $75,000. More specifically, the Plaintiff is a national banking association with its principal place of business in North Carolina and the Defendant is an individual who resides in the State of California.

4. Defendant regularly conducts business in Fairfax County, Virginia; has an indirect ownership interest in Franconia Two, L.P., a Virginia limited partnership that owns certain real property located in Fairfax County, Virginia, commonly known as the Springfield Mall; and is the guarantor of a loan to Franconia Two, L.P., secured by, *inter alia*, the Springfield Mall. Accordingly, this Court has personal jurisdiction over the Defendant.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## The Borrower's Breach of its Obligations Under the Loan Documents

6. On or about March 19, 1998, Nomura Asset Capital Corporation, a Delaware Corporation (the "Original Lender"), and Franconia Two, L.P., a Virginia limited partnership (the "Borrower"), executed and delivered, *inter alia*, (i) a Loan Agreement dated as of March 19, 1998 executed by and between the Borrower and the Original Lender (the "Loan Agreement"); (ii) a Consolidated, Amended and Restated Promissory Note A dated March 19, 1998, in the original principal amount of $90,931,704.00 by and between Borrower the Original Lender (the

DMEAST#12555371

2

"A Note"); (iii) a Consolidated, Amended and Restated Promissory Note B dated March 19, 1998, in the original principal amount of $90,931,704.00 (the "B Note"); (iv) a Consolidated, Amended, Spreader and Restated Deed of Trust and Leasehold Deed of Trust, Assignment of Leases and Rents and Security Agreement dated as of March 19, 1998 (the "Deed of Trust"), recorded on March 23, 1998, in the Land Records in Deed Book 10318 at page 1186, et seq., as assigned to the Petitioner by the Assignment; and (v) an Assignment of Leases and Rents dated as of March 19, 1998 (the "Assignment of Leases and Rents"), recorded on March 23, 1998, in the Land Records in Deed Book 10318 at page 1268, et seq. True and correct copies of the Loan Agreement, A Note, B Note, Deed of Trust, and Assignment of Leases are attached hereto as **Exhibits 1, 2, 3, 4 and 5**, respectively, and are incorporated herein by reference. The Loan Agreement, A Note, B Note, Deed of Trust, and Assignment of Leases, as amended, and all other documents evidencing the indebtedness of the Borrower and Guarantor to Plaintiff are collectively referred to herein as the "Loan Documents."

7. Pursuant to the Loan Documents, *inter alia*, the Original Lender loaned the original principal amount of $181,863,408.00 to Borrower (the "Loan"). Borrower promised to repay the Loan in accordance with the Loan Documents and granted the holders of the A and B Notes an interest in real property and improvements thereon located in at 6500 Springfield Mall Springfield, Virginia 22150 in Fairfax County, such improvements being commonly known as the Springfield Mall (the "Property"). The Borrower also granted the holders of the A and B Notes a security interest in, *inter alia*, rent, income, revenues, and leases affecting the Property.

8. Plaintiff is the current holder of the A Note. Bank of America, N.A., as successor by merger to LaSalle Bank National Association as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series

1999-C1, is the current holder of the B Note (the "B Noteholder" and, collectively with the Plaintiff, the "Lenders"). All of the Loan Documents have been assigned to the Plaintiff and the B Noteholder, as their interests may appear.

9.      Plaintiff is acting in its capacity as the "Lead Lender" as defined in that certain Co-Lender Agreement dated as of March 30, 1998 by and between the Lenders. A true and correct copy of the Co-Lender Agreement is attached hereto as **Exhibit 6** and is incorporated herein by reference.

10.     The Borrower failed to make certain payments as and when due under the Loan Documents and, as a result, the Borrower is in default of its obligations under the Loan Documents. Specifically, the Borrower failed to make the payments due and owing under the Loan Documents on May 11, 2010.

11.     As a result of the Borrower's payment defaults, the Plaintiff, by letters dated April 19, 2010 and May 13, 2010 (collectively, the "Default Notices"), notified the Borrower of its payment defaults under the Loan Documents and the Plaintiff's intention to exercise the Lenders' remedies under the Loan Documents. True and correct copies of the Default Notices are attached hereto as **Exhibit 7 and 8**, respectively, and are incorporated herein by reference.

12.     By letter dated May 27, 2010, the Lenders accelerated the indebtedness owed to them by the Borrower under the Loan Documents, making the full amount of indebtedness immediately due and payable. A true and correct copy of the May 27, 2010 acceleration letter is attached hereto as **Exhibit 9** and is incorporated herein by reference.

13.     Despite demand, no payments were made by the Borrower and all indebtedness under the Loan Documents remains immediately due and owing.

14. As of June 18, 2010, the aggregate amount of at least $192,480,192.74 is due and owing by Borrower to the Lenders on account of the Loan including the following:

| | |
|---|---:|
| Principal Outstanding | 158,956,708.46 |
| Interest Due (Note rate) | 3,415,361.50 |
| Interest Due (Default rate) | 1,501,257.80 |
| Late Charges | 208,464.34 |
| Pre-payment Consideration | 32,229,757.48 |
| Fees | 59,246.66 |
| Balance Due | 196,370,796.24 |
| Less Escrow Deposit | (3,890,603.50) |
| **TOTAL** | **192,480,192.74** |

15. In addition to these amounts, interest continues to accrue on the outstanding balance at the default rate, the Lenders continues to incur attorneys' fees, and other costs and fees continue to be incurred.

### The Guarantor's Breach of His Obligations Under the Guaranty

16. Pursuant to a Guaranty dated March 19, 1998 (the "Guaranty"), the Guarantor unconditionally and irrevocably guaranteed Borrower's prompt and complete payment of all obligations under the Loan Documents, subject to the limitation that the Guarantor's liability for payment of principal is limited to the amount by which the aggregate unpaid principal balance of the Loan exceeds seventy-five percent of the fair market value of the Property and the ground leasehold estate as described in the Deed of Trust. A true and correct copy of the Guaranty is attached hereto as **Exhibit 10** and incorporated by reference herein.

17. By letter dated June 11, 2010, the Lenders demanded that the Guarantor immediately pay all amounts due and owing to the Lenders by the Borrower under the Loan

Documents pursuant to the Guaranty, a true and correct copy of that letter is attached hereto as **Exhibit 11** and incorporated herein by reference.

18.  To date, despite demand, the Guarantor has not paid the amounts due and owing to Lenders.

19.  Thus, the Guarantor has breached his obligations to Lenders under the Guaranty.

20.  As of June 18, 2010, the unpaid principal balance of the Loan is $158,956,708.46.

21.  Upon information and belief, the fair market value of the Property and the ground leasehold estate described in the Deed of Trust is $31,000,000.00.

22.  Seventy-five percent (75%) of the fair market value of the Property and the ground leasehold estate is $23,250,000.00.

23.  As of June 18, 2010, the amount by which the aggregate unpaid principal balance of the Loan exceeds seventy-five percent (75%) of the fair market value of the Property and the ground leasehold estate is $135,706,708.46.

24.  As a direct and proximate result of the Guarantor's breach of his obligations under the Guaranty, the Lender have incurred damages through June 18, 2010, in the aggregate amount of not less than $169,230,192.74, consisting of principal in the amount of $135,706,708.46, plus interest and other contractual charges in the amount of $33,523,484.28. Further, as a direct and proximate result of the Guarantor's breach of his obligations under the Guaranty, interest and other fees and charges continue to accrue under the Loan Documents and the Lenders continue to incur attorneys' fees and costs.

WHEREFORE, Plaintiff Bank of America, N.A., successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Nomura Asset Securities Corporation, Commercial Mortgage Pass-Through Certificates, Series 1998-D6, for itself and for

Bank of America, N.A., as successor by merger to LaSalle Bank National Association as Trustee for the registered holders of Commercial Mortgage Asset Trust, Commercial Mortgage Pass-Through Certificates, Series 1999-C1, as their interest may appear, prays for judgment in the amount of $169,230,192.74, or such other amount as shall be proven at trial, in favor of Plaintiff and against Meshulam Riklis and such other and further relief as is just and proper.

October 8, 2010

_____
Constantinos G. Panagopoulos (#33356)
Ballard Spahr LLP
601 13th Street, N.W., Suite 1000 South
Washington, D.C. 20005-3807
Telephone: (202) 661-2202
Facsimile: (202) 661-2299
E-mail: cgp@ballardspahr.com

Of Counsel:

Timothy F. McCormack
Matthew G. Summers
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Tel: (410) 528-5680
E-mail: mccormackt@ballardspahr.com
        summersm@ballardspahr.com

*Attorneys for Plaintiff*